UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DANIELLE R. CHRISTENSEN,      )
                              )   No. CV-11-00316-CI
     Plaintiff,               )
                              )   ORDER GRANTING DEFENDANT'S
v.                            )   MOTION FOR SUMMARY JUDGMENT
                              )
CAROLYN W. COLVIN, Commissioner )
of Social Security,[1]        )
                              )
          Defendant.          )
                              )
_____)

     BEFORE THE COURT are cross-motions for Summary Judgment.  ECF
No. 13, 19.  Attorney Maureen J. Rosette represents Danielle R.
Christensen (Plaintiff); Special Assistant United States Attorney
Richard A. Morris represents the Commissioner of Social Security
(Defendant).   The parties have consented to proceed before a
magistrate judge.  ECF No. 7.  After reviewing the administrative
record and briefs filed by the parties, the court **GRANTS** Defendant's
Motion for Summary Judgment and **DENIES** Plaintiff's Motion for
Summary Judgment.

                         **JURISDICTION**

     On November 10, 2008, Plaintiff protectively filed a Title II

_____

     [1]Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to FED. R. CIV. P. 25(d),
Carolyn W. Colvin is substituted for Michael J. Astrue as the
Defendant in this suit. No further action need be taken to continue
this suit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging disability under both claims beginning November 1, 2005.  Tr. 17; 151-52.  In her application for benefits, Plaintiff reported that she stopped working due to her back, degenerative disc disease, herniated disc, nerve damage, and numbness in her hands, leg and feet.  Tr. 156.  Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ).    Tr. 69-83.  A hearing was held on December 17, 2009, at which Vocational expert Fred Cutler, and Plaintiff, who was represented by counsel, testified.  Tr. 36-68. ALJ Paul Hebda presided.   Tr. 36.   The ALJ denied benefits on January 15, 2010.  Tr. 17-29.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 31 years old, and lived in a three-level house with her fiancé and her eight year old daughter.  Tr. 41-43. She has a high school diploma, and obtained a nurse assistant license.  Tr. 42.  While working as a nursing assistant, Plaintiff injured her back.  Tr. 44.  After the injury, she worked light duty, but eventually she was not able to continue working at that job due to back pain.  Tr. 45.

Plaintiff testified that her knees sometimes give out, she has numbness in her hands, and constant pain in her left leg.  Tr. 47. She said she cannot bend over to shave her legs, put on socks, or tie her shoes.  Tr. 49.  Plaintiff also said she cannot vacuum or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

1  sweep, and climbing stairs is "awful" and to navigate stairs, she
2  must hold onto the railing and move slowly.  Tr. 49-50; 52.  She
3  said her evening sleep is interrupted every hour due to pain, as
4  well as numbness in her hands.  Tr. 50.  Plaintiff estimated that in
5  an eight-hour day, she is lying down for five to six hours.  Tr. 52.
6  She smokes half a pack of cigarettes every day.  Tr. 205.

7      Plaintiff's previous work includes retail sales clerk, cashier,
8  floor attendant at a bingo hall, and appointment clerk.  Tr. 60-61.

9                    **ADMINISTRATIVE DECISION**

10     At step one, ALJ Hebda found that Plaintiff had not engaged in
11  substantial gainful activity since November 1, 2005.  Tr. 19.  At
12  step two, he found Plaintiff had the severe impairment of discogenic
13  disorders of the back. Tr. 19.  At step three, the ALJ determined
14  Plaintiff's impairments, alone and in combination, did not meet or
15  medically equal one of the listed impairments in 20 C.F.R., Subpart
16  P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Tr.
17  20.  The ALJ found Plaintiff has the residual functional capacity
18  ("RFC") to perform light work, with the following limitations:

19         The claimant can lift or carry 20 pounds occasionally and
           frequently lift or carry 10 pounds.  The claimant can sit
20         for six hours and stand or walk for four hours in an
           eight-hour workday.  She can occasionally climb ramps and
21         stairs, but never climb ladders, ropes, and scaffolds.
           She can occasionally stoop, kneel, crouch and crawl.  She
22         can have no concentrated exposure to vibrations or
           unprotected heights.
23

24  Tr. 20.  In step four findings, the ALJ found Plaintiff's statements
25  regarding pain and limitations were not credible to the extent they
26  were inconsistent with the RFC findings.  Tr. 21-23.  The ALJ found
27  that Plaintiff is capable of performing past relevant work as a
28  cashier II and appointment clerk.  Tr. 27.  In the alternative, a

1  significant number of jobs exist in national economy that Plaintiff

2  could perform, such as information clerk and agricultural sorter.

3  Tr. 27-28.

4  **STANDARD OF REVIEW**

5      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

6  court set out the standard of review:

7          A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
8          211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
9          by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
10         Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
11         Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
12         support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
13         than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
14         *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

15

16         The ALJ is responsible for determining credibility,
           resolving conflicts in medical testimony, and resolving
17         ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
           Cir. 1995).  The ALJ's determinations of law are reviewed
18         *de novo*, although deference is owed to a reasonable
           construction of the applicable statutes.  *McNatt v. Apfel*,
           201 F.3d 1084, 1087 (9th Cir. 2000).

19

20      It is the role of the trier of fact, not this court, to resolve

21  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

22  supports more than one rational interpretation, the court may not

23  substitute its judgment for that of the Commissioner.  *Tackett*, 180

24  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

25  Nevertheless, a decision supported by substantial evidence will

26  still be set aside if the proper legal standards were not applied in

27  weighing the evidence and making the decision.  *Brawner v. Secretary*

28  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by improperly discrediting her testimony and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

1  by finding her impairments did not meet Listing 1.04A.  ECF No. 14
2  at 10-12.   Defendant responds the ALJ's decision is supported by
3  substantial evidence, additional evidence was not warranted, and her
4  findings are free of legal error.  ECF No. 20.

**DISCUSSION**

**A.   Credibility**

7      Plaintiff contends that the ALJ erred by finding her testimony
8  lacked credibility.  ECF No. 14 at 10.  The ALJ is responsible for
9  determining credibility, resolving conflicts in medical testimony,
10 and resolving ambiguities.  *Reddick v. Chater*, 157 F.3d 715, 722
11 (9th Cir. 1998).   The ALJ's findings must be supported by
12 "specific," "cogent" reasons.  *Reddick*, 157 F.3d at 722.   If a
13 claimant produces objective medical evidence of an underlying
14 impairment, an ALJ may not reject a claimant's subjective complaints
15 of pain based solely on lack of medical evidence.   *Burch v.*
16 *Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  See also *Light v. Soc.*
17 *Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (holding that an ALJ
18 may not discredit a claimant's subjective testimony on the basis
19 that there is no objective medical evidence that supports the
20 testimony).  Unless there is affirmative evidence showing that the
21 claimant is malingering, the ALJ must provide "clear and convincing"
22 reasons for rejecting pain testimony.   *Burch*, 400 F.3d at 680.
23 General findings are insufficient; the ALJ must identify what
24 testimony is not credible and what evidence undermines the
25 claimant's complaints.   *Reddick,* 157 F.3d at 722.

26     The reasons the ALJ gives for rejecting a claimant's testimony
27 must be supported by substantial evidence in the record.
28 *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th

Cir. 1999). If substantial evidence exists in the record to support the ALJ's credibility finding, the court will not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Tackett,* 180 F.3d at 1098.

In evaluating credibility, the ALJ may engage in ordinary techniques of credibility evaluation, including considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony, or between claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas*, 278 F.3d at 958-59. Also, the ALJ may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. See SSR 96-7p.

In this case, the ALJ found Plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC. Tr. 21. The ALJ's reasons for finding Plaintiff lacked credibility are specific, cogent and supported by substantial evidence in the record. For example, the ALJ noted that the objective medical evidence revealed Plaintiff had multilevel degenerative disc disease at L3-4, L4-5 and L5-S1, but the herniated disc at L5-S1 that was the subject of her present disability claim had resolved by May 24, 2007. Tr. 22; 206; 268; 304. Also, on July 14, 2006, Ronald

Vincent, M.D., a neurological surgeon, examined Plaintiff, noted evidence of a pre-existing condition of degenerative disc disease at L3-4, L4-5 and L5-S1, opined her herniated disc at L5-S1 was unrelated to the degenerative disc disease, and observed the herniation had "essentially resolved." Tr. 206. Also, Dr. Vincent noted that Plaintiff "has had three years of extensive narcotic usage and would be even a poor candidate for this surgery due to a very fixed condition of a disability conviction that has probably been present now for three years or more." Tr. 206.

Additionally, in determining credibility, the ALJ relied upon evidence in the record that indicated Plaintiff exaggerated her symptoms. Tr. 22-23. The record supports this reasoning. For example, Dr. Vincent's diagnoses for Plaintiff included "[n]arcotic dependency with symptom embellishment..." Tr. 206. Similarly, in an April 6, 2007, examining orthopedist Charles Larson, M.D., and neurologist J. Greg Zoltani, M.D., noted that Plaintiff exhibited "significant pain behavior," but after the appointment, she was observed waiting for a taxi, sitting on the curb and was,

> [T]wisting with full range of motion to the lumbar spine and free movement without any evidence of discomfort, which is in total contradiction to her abilities while being examined and moaning and groaning and being able to barely walk across the exam room. Add the diagnosis of probable willful misrepresentation of her medical condition to her providers.

Tr. 227-28. Additionally, during the same exam, the physicians noted "Waddell's testing[2] times three was markedly positive." Tr.

_____

[2]While the Waddell test does not by itself constitute "affirmative evidence" of malingering, the test establishes five "signs" of nonorganic sources of lower back pain, but does not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

225-26. Amplification of symptoms can constitute substantial evidence supporting the rejection of a subjective complaint concerning the severity of symptoms. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The examining physicians' observations, coupled with the MRI results that revealed "near complete resolution" of Plaintiff's left lateral recess protrusion at L5-S1, give rise to a reasonable inference that Plaintiff engaged in purposeful exaggeration of her symptoms.

Also, in finding Plaintiff not credible, the ALJ relied upon Plaintiff's failure to attend all her regularly scheduled physician appointments and physical therapy appointments, both of which are supported by the record. Tr. 22-23; 319-27; 374-415. See *Fair v. Bowen*, 885 F.2d at 603-04 (claiming severe conditions yet receiving minimal, conservative, or no treatment is a basis to reject claimant's testimony; additionally, failure to follow prescribed).

In sum, the ALJ provided proper, specific reasons for discrediting Plaintiff's testimony and identified specific testimony and objective medical evidence that supported the negative credibility finding.

**B.   Listing 1.04A**

Plaintiff contends that the ALJ, and the Appeals Council, erred by failing to find that Plaintiff's impairments met Listing 1.04A for Disorders of the Spine. To meet a listing, a claimant's impairments must "meet all of the specified medical criteria."

---

distinguish between malingering and psychological conditions. See Gordon Waddell, et al., *Nonorganic Physical Signs in Low-Back Pain*, 5 Spine 117, 117-25 (Mar.-Apr. 1980).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

*Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L. Ed. 2d 967 (1990).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*  Listing 1.04A provides:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1.  In determining Plaintiff did not meet the requirements of Listing 1.04A, the ALJ explained:

> [C]laimant's spinal impairment does not meet or medically equal a Listing 1.04, *disorders of the spine.*  There is no evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight leg raising test.  There is also no evidence of spinal arachnoiditis or lumbar spinal stenosis resulting in the inability to ambulate [e]ffectively.

Tr. 20.  It is claimant's responsibility to prove that she is disabled at step three of the sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). The claimant bears the burden of establishing that her impairments satisfy the requirements of a Listings impairment.  *Tackett,* 180 F.3d at 1098-99.

Plaintiff contends that evidence existed of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensor or reflex loss, and positive straight leg raising test.  ECF No. 14

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

at 10-12.   In support of this argument, Plaintiff recites findings from several medical visits, but on review, none of the evidence cited supports the assertion she meets Listing 1.04A.

While the objective medical evidence reveals that Plaintiff suffers from degenerative disc disease, this alone does not establish she meets Listing 1.04A.   To meet the Listing, evidence must exist of nerve root compromise in addition to evidence of the nerve root compression characterized by certain symptoms.   In this case, Plaintiff's MRI scans did not reveal compromise of a nerve root or spinal cord, or evidence of nerve root compression.   For example, Laura A. Hotchkiss, M.D., interpreted Plaintiff's MRI of the lumbar spine from December 13, 2005, and noted at L4-5, Plaintiff had a disc protrusion/herniation that abutted the descending L5 nerve root on the left, but the neural foramina were patent.   Tr. 298.   Additionally, Dr. Vincent reviewed the MRI findings from December 13, 2005, and opined that the test results provided "no evidence of nerve root compression seen or central canal compromise... [n]o neural foraminal encroachment was identified and no definite nerve root effacement or displacement was identified."   Tr. 202.   Eric W. Rudd, M.D., examined Plaintiff on July 25, 2006, and after reviewing the December 2005 MRI, he concluded that the disc herniation had mostly resolved and "was no longer impinging on nerve roots...."   Tr. 216.   A March 27, 2007, MRI revealed "no evidence of a new focal increase in the central canal or foraminal narrowing is seen."   Tr. 268.   A May 24, 2007, MRI indicated mild degenerative spondylosis of the mid cervical spine without evidence of high-grade foraminal stenosis.   Tr. 267. The evidence fails to support Plaintiff's assertion that her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

condition meet Listing 1.04A.

The new evidence submitted to the Appeals Council also fails to establish Plaintiff meets Listing 1.04A.  The new evidence consists of a form Documentation Request for Medical or Disability Condition completed on October 7, 2010, by Judith M. Randall, ARNP.  Tr. 418-20.  Nurse Randall indicated that Plaintiff is unable to look for work due to disc degeneration and bulging discs in her lumbar spine accompanied by stenosis.  Tr. 418-19.  However, the form is dated ten months after the ALJ's decision and nowhere does the form indicate that it relates to Plaintiff's condition prior to the ALJ's determination.  "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."  20 C.F.R. § 404.970(b).

In this case, the newly submitted evidence contains no indication that it relates to the period on or before the date of the ALJ's decision, and thus, the evidence will not be considered. As a result, the record lacks evidence that would support a finding that Plaintiff's condition met Listing 1.04A.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.   Accordingly,

**IT IS ORDERED:**

1.   Defendant's Motion for Summary Judgment, **ECF No. 19,** is **GRANTED**.

2.   Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

1        The District Court Executive is directed to file this Order and

2  provide a copy to counsel for Plaintiff and Defendant. Judgment

3  shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

4        DATED May 29, 2013.

5

6                    ___S/ CYNTHIA IMBROGNO___
                    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13